IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ALEXANDER FINKLEA,                    *
                                      *
        Plaintiff,                    *
                                      *
vs.                                   *  CIVIL ACTION No.04-00672-CB-B
                                      *
JO ANNE B. BARNHART,                  *
Commissioner of Social               *
Security,                             *
                                      *
        Defendant.                    *

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's "Application For Attorney's Fees Under The Equal Access To Justice Act" (Doc. 12). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3). Upon consideration of the pertinent pleadings, it is the recommendation of the undersigned that Plaintiff should receive a reasonable attorney's fee in the amount of $1,687.50.

## I.  Findings Of Fact

1.    Plaintiff commenced this action on October 21, 2004. (Doc. 1). On April 13, 2005, the Court entered Judgment pursuant to sentence four of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), and reversed and remanded this cause to the Commissioner of Social Security for further proceedings. (Doc. 11).

2.    Plaintiff's application for attorney's fees was filed on July

8, 2005.   (Doc.   12).   In   the   application,   Plaintiff   requests   an

attorney's   fee   award   of   $1,687.50.   (Id.)   The   attorney's   fee   award

represents   a   total   of   13.50   hours,   at   an   hourly   rate   of   $125.00   per

hour,   for   attorney   time   spent   representing   Plaintiff   in   this   Court.

(Id.)

3.    The Commissioner of Social Security has filed a Response, and

states that it has no objection to Plaintiff's motion.  (Doc. 14).

## II.  Conclusions Of Law

1.    The Equal Access to Justice Act (EAJA) requires a district

court   to   "award   to   a   prevailing   party   .   .   .   fees   and   other   expenses   .

.   .   incurred   by   that   party   in   any   civil   action   .   .   .   ,   including

proceedings   for   judicial   review   of   agency   action,   brought   by   or   against

the   United   States   .   .   .   ,   unless   the   court   finds   that   the   position   of

the   United   States   was   substantially   justified   or   that   special

circumstances   make   an   award   unjust."   28   U.S.C.   §   2412(d)(1)(A).   The

Commissioner   does   not   dispute   the   issues   of   prevailing   party   status,[1]

timeliness,[2] or substantial justification.

2.    With regard to a determination of the hourly rate to apply

in   a   given   EAJA   case,   the   express   language   of   the   Act,   as   recently

---

[1]"[A] party who wins a sentence-four remand order is a prevailing
party."  Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

[2]The EAJA requires a prevailing party to file an application for
attorney's fees within thirty (30) days of final judgment in the action.  28
U.S.C. § 2412(d)(1)(B).  The thirty (30) day clock did not begin to run in
this action until this Court's Order of Judgment dated April 13, 2005 (Doc.
11) became final, which would have occurred at the end of the sixty (60) days
for appeal provided under Fed. R. App. P. 4(a)(1).  See Shalala, 509 U.S. at
302.  Because Plaintiff's application was filed on July 8, 2005 (Doc. 12), it
is found to be timely filed.

amended,[3] provides, in pertinent part, as follows:

> The amount of fees awarded under this subsection shall be
> based upon prevailing market rates for the kind and quality
> of the services furnished, except that . . . attorneys fees
> shall not be awarded in excess of $125.00 per hour unless
> the court determines that an increase in the cost of living
> or a special factor, such as the limited availability of
> qualified attorneys for the proceedings involved, justifies
> a higher fee.

28 U.S.C. § 2412(d)(2)(A).

3.    In <u>Meyer v. Sullivan</u>, 958 F.2d 1029 (11th Cir. 1992), the
Court determined that the EAJA establishes a two-step analysis for
determining the appropriate hourly rate to be applied in calculating
attorneys fees under the Act:

> The first step in the analysis, . . . is to determine the
> market rate for "similar services [provided] by lawyers of
> reasonably comparable skills, experience, and reputation."
> . . . The second step, which is needed only if the market
> rate is greater than [$125.00] per hour, is to determine
> whether the court should adjust the hourly fee upward from
> [$125.00] to take into account an increase in the cost of
> living, or a special factor.

<u>Id</u>. at 1033-34 (citations and footnote omitted).

4.    The prevailing market rate in the Southern District of
Alabama has been previously determined to be $125.00 per hour.  <u>See</u>
<u>Boggs v. Massanari</u>, C.A. 00-0408-P-C (S.D. Ala. (Jun. 13, 2001)); <u>Boone</u>
<u>v. Apfel</u>, C.A. 99-0965-CB-L (S.D. Ala. (Aug. 30, 2001)).   Because the
market rate is not greater than the statutory rate of $125.00 per hour,
this Court need not reach the second step of the <u>Meyer</u> analysis.

_____

[3]On March 29, 1996, the EAJA was amended so as to increase the statutory
cap on EAJA fees from $75.00 per hour to $125.00 per hour.  <u>See</u>, <u>e.g</u>, <u>Ikner v.</u>
<u>Apfel</u>, 2000 WL 1844704, *2 n.1 (S.D. Ala. Nov 9, 2000).  These amendments
apply to civil actions commenced on or after the date of enactment; therefore,
the statutory cap of $125.00 per hour applies in this present action.

5.     With  regard  to  the  reasonableness  of  the  hours  claimed  by
Plaintiff's  attorney,  "[t]he  fee  applicant  bears  the  burden  of
establishing  entitlement  and  documenting  the  appropriate  hours  and
hourly rates."  <u>Norman v. Housing Auth. of City of Montgomery</u>, 836 F.2d
1292, 1303 (11th Cir. 1988).   "[T]he  measure  of  reasonable  hours  is
determined  by  the  profession's  judgment  of  the  time  that  may  be
conscionably  billed  and  not  the  least  time  in  which  it  might
theoretically have been done."  <u>Id</u>. at 1306.

6.     In  the  case  <u>sub</u>  <u>judice</u>,  attached  to  Plaintiff's  application
is  a  time  sheet  detailing  the  description  of  work  performed,  the  time
expended  and  the  date  on  which  the  work  was  performed.   (Doc.  12  at
Attachment  1).   The  undersigned  has  reviewed  this  document  and
Defendant's  response,  and  finds  that,  under  the  circumstances,  and
given  the  usual  number  of  hours  billed  by  attorneys  in  similar  actions,
Plaintiff  is  entitled  to  13.50  hours  of  attorney  time  expended
representing  Plaintiff  in  federal  court.   <u>See</u>,  <u>e.g.</u>,  <u>Coleman v. Apfel</u>,
2000 WL 1367992 (S.D. Ala. Aug. 30, 2000).

## III.  <u>CONCLUSION</u>

Therefore,  upon  consideration  of  the  pertinent  pleadings,  the
undersigned  Magistrate  Judge  **RECOMMENDS**  that  Plaintiff's  "Application
For  Attorney  Fees  Under  The  Equal  Access  To  Justice  Act"  be  **GRANTED**,
and  that  the  award  be  limited  to  the  EAJA  rate  of  $125.00  per  hour,
thereby  resulting  in  an  award  of  $1,687.50  for  13.50  attorney  hours
spent representing Plaintiff in connection with this action.

The   attached   sheet   contains   important   information   regarding

objections to the report and recommendation of the Magistrate Judge.

DONE this **27th** day of **July 2005**.

                                    **/s/  Sonja F. Bivins**
                               **UNITED   STATES   MAGISTRATE   JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.   See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.   The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.   The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.   It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.   Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **Transcript (applicable where proceedings tape recorded)**.   Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.   Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is

required before the United States will pay the cost of the transcript.

<u>/s / SONJA F. BIVINS</u>
**UNITED STATES MAGISTRATE JUDGE**