IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ALEXANDER FINKLEA,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL ACTION 04-00672-CB-B |
| | * | |
| **MICHAEL J. ASTRUE,**[1] | * | |
| Commissioner of Social | * | |
| Security, | * | |
| | * | |
| Defendant. | * | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Petitioner's Petition For Authorization of Attorney Fees pursuant to 42 U.S.C. § 406(b) (Doc. 18) and Defendant's Response thereto (Doc. 20). This action was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure. Upon consideration of all pertinent materials contained in this file, it is recommended that the Petition for Authorization of Attorney Fees (Doc. 18) be **GRANTED.**

**I.   Findings of Fact**

1.   On October 24, 1995, Plaintiff retained Petitioner, Byron A. Lassiter, attorney at law, to represent him before the Social

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, he has been substituted as the Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Security Administration regarding his claim for a period of disability and disability insurance benefits. (Doc. 18).

2. On October 20, 2004, Plaintiff entered into a contingency fee agreement with Petitioner which provided that Plaintiff agreed to pay an attorney's fee equal to twenty-five percent (25%) of any accumulated past-due benefits paid to him in the event of the successful prosecution of his claim. (Id. at Ex. C).

3. Plaintiff's claims were denied initially and on February 6, 1998, Administrative Law Judge Ricardo M. Ryan entered an unfavorable decision. (Id. at ¶ 2). On March 26, 1998, Petitioner, on behalf of Plaintiff, timely requested review of ALJ Ryan's decision by the Appeals Council. (Id. at ¶ 3). On June 10, 1999, the Appeals Council granted the request and remanded Plaintiff's claims for further proceedings. (Id.)

4. On remand, a supplemental hearing was held by ALJ Ryan on May 26, 2000. (Id. at ¶ 4). On August 16, 2000, ALJ Ryan again denied Plaintiff's claim for benefits. (Doc. 18 at ¶ 4). On August 29, 2000, Petitioner, on behalf of Plaintiff, timely requested review of ALJ Ryan's decision to the Appeals Council, and on August 21, 2004, the Appeals Council denied the request for review. (Id. at ¶ 5).

5. On October 21, 2004, Plaintiff filed this action seeking judicial review of a final decision of the Commissioner of Social Security denying his claim. (Doc. 1).

6.   This action was then referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and on April 12, 2005, the undersigned recommended that this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with Defendant's motion to remand.  (Doc. 9).

7.   On April 13, 2005, Senior United States District Judge Charles R. Butler, Jr. adopted the report and recommendation and entered a Rule 58 judgment, reversing and remanding this matter to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g), making Plaintiff a prevailing party under the Equal Access To Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Docs. 10, 11).

8.   On October 22, 2005, this matter was remanded by the Appeals Council to the Office of Hearings and Appeals for further proceedings.  (Doc. 18 at ¶ 8).  A supplemental hearing concerning Plaintiff's claim was scheduled to be held on May 6, 2005, before Administrative Law Judge William L. Ragland; however, Petitioner requested a postponement of that hearing due to an inability to contact Plaintiff.  (Id.)  ALJ Ragland granted the postponement request.  (Id.)  Due to being unable to contact Plaintiff for several months, Petitioner withdrew from representation of Plaintiff on April 28, 2006.  (Id.)  ALJ Ragland subsequently issued a favorable decision in which he found that Plaintiff was disabled and was entitled to benefits under Titles II and XVI of

the Social Security Act beginning October 1995.  (Id.)

9.   Petitioner received a copy of Plaintiff's Notice of Award, dated September 11, 2006, which did not explicitly state the amount of Plaintiff's past due benefits, but which stated that the amount of $11,274.75 had been withheld as payment for authorized attorney's fees.  (Id. at ¶ 10).  Petitioner asserts that 25% of Plaintiff's past-due benefits amounts to $11,274.75, such that Plaintiff's past-due benefits total $45,099.00.  (Doc. 18 at ¶ 10).

10.  Petitioner requests that the amount of $11,274.75 be approved as an attorney's fee for legal services rendered to Plaintiff before this Court, which is also be consistent with the agreement reached between Petitioner and Plaintiff.  (Doc. 18). Petitioner states that no attorney fees were paid to him for legal representation of Plaintiff at the administrative level, as Petitioner withdrew from representation of Plaintiff just prior to conclusion of this case.  (Id.)

11. Petitioner has submitted an itemized statement delineating 13.50 hours spent representing Plaintiff before this Court, as well as sufficiently detailed his representation efforts. (Id. at Ex. A).  As a result of Petitioner's work in federal court, Plaintiff was awarded the substantial amount of $45,099.00 in retroactive benefits.  (Id. at ¶ 10).

12.  As noted supra, Petitioner represented Plaintiff on a contingency fee basis.  Petitioner's customary fee for representing

4

a claimant before this Court is twenty-five percent (25%) of the accumulated retroactive benefits awarded to Plaintiff in the event of the successful prosecution of the claim. (Doc. 18). The amount requested, $11,274.75, is not more than twenty-five percent (25%) of Plaintiff's past due benefits.

13.  On December 20, 2006, Defendant filed its response to Petitioner's authorization for contingency fees, stating that an attorney fee award in the amount of $11,274.75 pursuant to Section 406(b), is not reasonable in light of the fee agreement with Plaintiff and the services rendered in representing Plaintiff in this action.  (Doc. 20).  Defendant requests that this Court approve a lesser fee. (Id.) Specifically, Defendant contends that a fee award of $11,274.75, for 13.50 hours of work, results in an hourly rate of approximately $835.00, which is unreasonable and represents a windfall to Petitioner.  (Id.)

## II. Conclusions of Law

### A. Governing Law

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42

U.S.C. § 406(b)(1)(A).[2] Section 406(b) thus "provides for contingent fees to be charged *to the client* with the amount to be set by the district court subject to a statutory maximum." Watford v. Heckler, 765 F.2d 1562, 1566 (11th Cir. 1985) (citations omitted) (emphasis in original). See also Meyer v. Sullivan, 958 F.2d 1029, 1035 at n.12 (11th Cir. 1992) (providing that the total amount of attorney's fee that may be awarded under the Act is limited to twenty-five per cent of the past-due benefits awarded). Section 406(b) "does not invalidate all contingent fee arrangements-it merely sets their upper limit-and because such arrangements effectuate congress's objective of securing adequate representation for social security claimants, a requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 370 (2nd Cir. 1990).

The Eleventh Circuit previously applied the "lodestar method," i.e., "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" to determine a reasonable Section 406(b) fee. Kay v. Apfel, 176 F.3d 1322, 1324-1325 (11th Cir. 1999), abrogated by Gisbrecht v. Barnhart, 535 U.S. 789 (2002). In Gisbrecht, the Court held that Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling;

---

[2] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the Secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)." Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

instead [the section] instructs courts to review for reasonableness fees yielded by those agreements."  Gisbrecht, 535 U.S. at 809. Gisbrecht specifically rejected the lodestar method of determining fees, stating that it is "unlikely that Congress, legislating in 1965, and providing for a contingent fee tied to a 25 percent of past-due benefits boundary, intended to install a lodestar method courts did not develop until some years later."  Id. at 805-806. The Court then held as follows:

> Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases (footnote omitted).  []  Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  § 406(b)(1)(A) (1994 ed., Supp. V) []  Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . . .

Id. at 807 (footnotes omitted).

In Gisbrecht, the Court did not specifically delineate the factors that district courts should consider when determining the reasonableness of the contingency fee arrangement, but did cite, with approval, an approach used to evaluate reasonableness by several circuits:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and

> the results the representative achieved . . . . If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court . . . . If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order . . . . In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases . . . . Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review.

Gisbrecht, 535 U.S. at 808 (citations omitted).

From this, it appears that the Supreme Court intends that the lower courts give great deference to the contingency fee arrangement, and uphold such arrangements unless the fees produced by them are found to be unreasonable. A contingent fee arrangement is unreasonable where the contingency percentage is over the 25 percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney. Wells, 907 F.2d at 372. Factors that may be considered in reviewing for reasonableness include: 1) the character of representation; 2) the result achieved by the attorney; 3) any delay caused by the attorney; 4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; 5) fraud or overreaching in making

the agreement; and 6) the requested fee does not exceed 25 percent of past-due benefits.  Gisbrecht, 583 U.S. at 808-809.[3]

B. **Discussion**

Petitioner has presented an itemized statement showing that 13.50 hours were spent before this Court.  Petitioner requests an award of $11,274.75, which equals twenty-five percent (25%) of the back benefits awarded to Plaintiff totaling $45,099.00.

Specifically, Petitioner argues that the contingent fee agreement should be found reasonable and given effect.  In support, Petitioner sets forth that he represented Plaintiff for over ten years, from October 24, 1995 through April 28, 2006, and that he only withdrew from representation of Plaintiff in 2006 due to an inability to contact him over several months.  (Doc. 18). Petitioner also sets forth that his arguments before this Court prevailed. (Id.) On appeal to this Court, Petitioner successfully obtained remand of the unfavorable decision (Docs. 10, 11), and upon remand, obtained a fully favorable decision wherein Plaintiff was awarded past due benefits under Titles II and XVI of the Social Security Act. (Doc. 18). Additionally, Petitioner submits that he routinely represents Social Security claimants and that his

---

[3] "Attorneys who take cases on contingency, thus deferring payment of their fees until the case has ended and taking upon themselves the risk that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate. The difference, however, reflects the time-value of money and the risk of nonrecovery usually borne by clients in cases where lawyers are paid an hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 448-449 (1983) (Burger, J., concurring).

customary fee is twenty-five (25%) of the retroactive benefits awarded. (Id.)  Petitioner has provided a copy of his contingent-fee agreement wherein Plaintiff agreed to pay an attorney's fee equal to twenty-five percent (25%) of all past-due benefits payable to plaintiff if an appeal to a United States federal court was necessary from an administrative denial of benefits. (Id. at Ex. C).   Petitioner submits further, that because Plaintiff was unemployed and unable to work, and thus unable to hire an attorney on an hourly basis, the contingent fee agreement insured that he would have adequate legal representation and access to the legal system to seek judicial review of the prior unfavorable decision. (Id. at ¶ 17).  Petitioner submits that he has filed numerous cases in federal court for Social Security claimants and that his experience and expertise increased the likelihood of a favorable outcome for Plaintiff with a minimum expenditure of attorney time. (Id. at ¶ 15).  Petitioner has presented no evidence or argument that this case involved any novel or difficult questions of law or fact; however, Petitioner states that his efforts, knowledge and expertise in preparing and presenting Plaintiff's case resulted in a fully favorable decision following remand from this court. (Doc. 18).

In contrast, Defendant contends that Petitioner's request is unreasonable and that this Court should consider the hours spent in court and the lawyer's normal hourly billing rate for non-

contingent fee cases. (Doc. 20). Defendant points out that to award Petitioner a fee of $11,274.75 for 13.50 hours would yield an hourly rate of $835.00, and requests that this Court award no more than a reasonable fee under Section 406(b). (Id.)

The undersigned finds that Defendant's argument is not convincing because the Supreme Court has rejected an hourly approach ("lodestar method") for determining the reasonableness of a contingency fee arrangement, noting that the lodestar method is inappropriate in this context because it is "designed to govern imposition of fees on the losing party." Gisbrecht, 535 U.S. at 805. This Court does not look in isolation at the 13.50 hours spent in this Court. In evaluating the reasonableness of the contingency fee arrangement, this Court notes that Petitioner obtained a fully favorable decision for his client which included significant past due benefits in the amount of $45,099.00 and future benefits. Also, Petitioner is recognized in this community as an experienced, reputable and capable attorney who practices almost exclusively in the area of Social Security law. Moreover, Petitioner states that he has represented Plaintiff for more than ten years. This Court recognizes that by assuming this lengthy ten-year representation, Petitioner assumed a significant risk that he may never recover any fee for his efforts. Furthermore, while there do not appear to have been any novel legal issues or arguments presented, Petitioner was required to overcome legal and

factual obstacles to the enhancement of the benefits awarded to his client which would justify a maximum award. This Court acknowledges that the hours spent may appear disproportionate to the award; however, Plaintiff and Petitioner entered into an agreement, within the statutory maximum, which secured representation for Plaintiff capable and experienced counsel and Petitioner assumed the risk that he would receive nothing if unsuccessful. In Wells, the court held that

> [w]e must recognize . . . that a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment . . . . Therefore, we ought normally to give the same deference to these agreements as we would to any contract embodying the intent of the parties . . . . Based on these principles, we hold that where there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable . . . .

907 F.2d at 370 (citations omitted).

Therefore, upon consideration of the foregoing, the undersigned finds that an award of $11,274.75 to Petitioner, for representation of Plaintiff at the federal court level, is not unreasonable in this case. See, e.g., Thomas v. Barnhart, 412 F. Supp. 2d 1240 (M.D. Ala. 2005).[4]

---

[4] See also e.g., Yarnevic v. Apfel, 359 F. Supp. 2d 1363, 1363-67 (N.D. Ga. 2005) (approving a contingency fee agreement resulting in an award of $21,057.75); Claypool v. Barnhart, 294 F. Supp. 2d 829 (S.D.W. Va. 2003) (approving a request for an award under a contingency fee agreement of

**III.   Conclusion**

Thus, the undersigned **RECOMMENDS** authorization of Petitioner to receive, as an attorney's fee pursuant to Section 406(b) for services rendered at the federal appeals level, the sum of **$11,274.75.**  This total is equal to twenty-five (25%) percent of the total past-due benefits awarded to Plaintiff, which amount to $45,099.00.  The Magistrate Judge further **RECOMMENDS** entry of an order directing Petitioner to disburse to Plaintiff the sum of **$1,687.50** which was previously awarded pursuant to the Equal Access to Justice Act ("EAJA").[5]  The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **14th** day of **May, 2007.**

```
           /s/ SONJA F. BIVINS           
    UNITED STATES MAGISTRATE JUDGE
```

---

$18,000, for 12.56 hours, resulting in an hourly rate of $1,433.00); Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (approving $25,132.50 for 56 hours); Brown v. Barnhart, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003) (approving contingency fee resulting in an hourly rate of $977.00); Martin v. Barnhart, 225 F. Supp. 2d 704 (W.D. Va. 2002) (approving $10,189.50 for 16.82 hours); Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1385 (S.D. Ga. 2002) (approving contingency fee resulting in an hourly rate of $350.00).

[5]When an attorney obtains a fee award under the EAJA, and subsequently obtains a fee award under the Social Security Act, the attorney must return the smaller of the two to the plaintiff.  See Section 206 of Pub. L. No. 96-481, as amended by Pub. L. No. 99-80, § 3, Aug. 5, 1985, 99 Stat. 186, which states as follows:

> (b) Section 206(b) of the Social Security Act [42 U.S.C. § 406(b)] . . . shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code.  Section 206(b) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   Objection.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

    A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   Opposing party's response to the objection.  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   Transcript (applicable where proceedings tape recorded).  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                    /s/ SONJA F. BIVINS
                              **UNITED STATES MAGISTRATE JUDGE**